FILED
2017 May-05  PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL V. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NUMBER: |
| | ) | CV-17 |
| vs. | ) | JURY DEMAND |
| | ) | |
| BIRMINGHAM CITY BOARD OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### INTRODUCTION

1.     This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights guaranteed pursuant to the First and Fourteenth Amendments to the United States Constitution, for race secured pursuant to 42 U.S.C. §§1981 and 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, *et seq*, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a.   Specifically, Plaintiff alleges that the Defendant retaliated against him because of his race in promotions and other terms and conditions of his employment in violation of Title VII.   The Plaintiff seeks compensatory damages and requests a jury trial pursuant to 42 U.S.C. §1981a.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 1343(4), the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§1981 and 1983, the Act of Congress known Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

3.      This action is brought within the State where the unlawful employment practice was committed, making venue proper under 42 U.S.C. 2000e-5(f)(3).

4.      Plaintiff's claims are authorized by 28 U.S.C. §§2201 and 2202 (declaratory judgments), Fed. R. Civ. P. Rule 57, and 42 U.S.C. §§1981 and 1983.

5.      Plaintiff has fulfilled all conditions precedent to the institution of this action under 28 U.S.C. §1331, 1343(4), and the Act of Congress known Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.  Plaintiff timely filed his charge of race discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") within 180 days of occurrence of the last discriminatory act, and he also alleged continuing violations.  Plaintiff timely filed his claim of race discrimination within 90 days of the receipt of his right-to-sue letter from the Department of Justice, Civil Rights Division.

## PARTIES

6.      Plaintiff, Michael V. Wilson, (hereinafter "Plaintiff" or "Dr. Wilson"),

2

is an Caucasian male citizen of the United States of America and a resident of the State of Alabama. At all times relevant to this action, Plaintiff has been employed by the Defendant at its Birmingham, Alabama location.

7.     Plaintiff is an employee of Defendant Birmingham Board of Education within the meaning of Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto.

8.     Defendant, Birmingham Board of Education ("Defendant" or "Board"), is an employer within the meaning of 42 U.S.C. §2000e(a)(b) and is subject to suit under 42 U.S.C. §2000e *et seq*. At all times relevant to this action, Defendant has employed at least fifteen (15) or more employees.

9.     Defendant, Birmingham Board of Education is the duly constituted governing body of the Birmingham City School System. Defendant is doing business within this District and Division.

## FACTS AND CAUSES OF ACTION

10.     The plaintiff has been employed by the Birmingham City School Board of Education ("BBOE") since 1991. For the past sixteen years, Dr. Wilson has served as an Elementary or K-8 Principal. Dr. Wilson is currently the Principal at Glen Iris Elementary School.

11.     Throughout his employment with Defendant, Dr. Wilson has been given

3

positive employment evaluations, has been verbally told he was doing an excellent job, and has received awards from the community such as Birmingham Rotary's Principal of the Year, and Principal of the Year by the Birmingham PTA.

12.    Throughout his employment with Defendant, Dr. Wilson has served on numerous committees, obtained grants for programs for the schools, and was selected to be a Principal Mentor/ Coach to other Principals in the Birmingham City School System. Some of these committees on which he served included, but are not limited to, committees that drafted employee evaluation documents, Title I committees, and advisory boards for teacher enhancement programs.

13.    Dr. Wilson holds a  Bachelors Degree from Southern Methodist University in Dallas, Texas; a Masters Degree in Special Education from The University of Alabama at Birmingham; an Education Specialists Degree, Ed.S, from the University of Montevallo; and a Ph.D in Instructional Leadership from The University of Alabama Tuscaloosa.

14.    Dr. Wilson has also been recognized for his work by state and local educators.

15.    During his first year in a Principal assignment at Whatley Elementary, Dr. Wilson was successful in moving the school from Alert II status to the status of "Academic Clear", and this school was one of only 6 schools across the state to do

4

so.

16.     During the 2015 and 2016, Dr. Wilson applied for various promotions with Defendant for which he was highly qualified, and he was not selected for any of these positions, nor even given an interview for said positions. All of these positions were given to African-American individuals. Dr. Wilson is more qualified or as qualified as the African-American individuals who received these positions.

17.     Pursuant to Defendant's application process, Dr. Wilson applied for both of the two (2) vacant positions for Director of Schools in 2015.

18.     Historically, BBOE has had a practice of only hiring African-American individuals for these types of higher management positions.

19.     On or about September 11, 2015, Dr. Wilson was notified in writing that he was not selected for one of the vacant Director of Schools positions and that the position was given to an African-American female. Dr. Wilson was not even interviewed for this position.

20.     On or about November 10, 2015, Dr. Wilson learned that he was not selected for the second vacant Director of Schools position. Dr. Wilson was not even interviewed for the position. However, a less qualified African-American male, who did not have the education, experience and qualifications that Dr. Wilson has, was selected for this position of Director of Schools.

5

21.     Dr. Wilson was not interviewed and denied the job position of Director
of Schools by Defendant due to his race, Caucasian.

22.     All of this conduct by Defendant of denying Dr. Wilson promotions was
in violation of Title VII of the 1964 Civil Rights Act, as amended by the Civil Rights
Act of 1991 ("Title VII").

23.     Dr. Wilson also applied for the vacant Director of Federal Programs
position in 2015.

24.     On or about October 13, 2015, Dr. Wilson learned that he was not
selected for the vacant position of Director of Federal Programs. Dr. Wilson was not
interviewed for the position. A less qualified African-American female, who did not
have the education, experience and qualifications that Dr. Wilson has was selected
for this vacant position of Director of Federal Programs.

25.     Dr. Wilson was not interviewed for and denied the job position of
Director of Federal Programs due to his race, Caucasian.

26.     All of this conduct by Defendant in denying Dr. Wilson a promotion to
the Director of Federal Programs position was in violation of Title VII.

27.     Dr. Wilson applied for the Human Resources Officer position in 2015.

28.     On or about September 8, 2015, Dr. Wilson learned that he was not
selected for the position of Human Resources Officer. Dr. Wilson was not

interviewed for this position. A less qualified African-American female, who did not

have the education, experience and qualifications that Dr. Wilson has was selected

for the position of Human Resources Officer.

29.    Dr. Wilson was not interviewed for and denied the job position of

Human Resources Officer due to his race, Caucasian.

30.    All of this conduct by Defendant in denying Dr. Wilson a promotion to

Human Resources Officer was in violation of Title VII.

31.    Throughout his employment, Dr. Wilson has applied for other

promotions for which he was qualified and he did not receive the same. These

positions were also filed by African-Americans who were less qualified than Dr.

Wilson. These positions included, but are not limited to, Chief Academic Officer,

Academic Officer, and other vacant Director of Schools positions. Dr. Wilson was

denied a promotion to these positions due to his race, Caucasian, in violation of Title

VII.

32.    As set out in detail above, Defendant intentionally and maliciously

discriminated against Plaintiff on the basis of race in violation of Title VII by denying

him job promotions as set out above.

33.    Defendant intentionally violated Plaintiff's rights pursuant to Title VII.

34.    The Defendant's conduct is a pattern and practice which resulted in

disparate treatment against Plaintiff.

35.    Plaintiff was discriminated against because of his race in promotions, job/work assignments and other terms and conditions of employment.

36.    All acts of race discrimination were done wilfully and with malicious and reckless disregard for the rights of Plaintiff.

37.    Defendant continues to deny Dr. Wilson the opportunity to advance in his career.

38.    Throughout his employment, Dr. Wilson has been discriminated against and treated differently in the terms and conditions of his employment because of his race, Caucasian.  The discrimination against Dr. Wilson is on-going and of a continuous nature.

39.    On or about September February 5, 2016, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant alleging race discrimination, further alleging ongoing and continuous actions.

40.    Upon information and belief, Defendant has a history of discrimination against Caucasian employees in violation of Title VII.

## COUNT ONE

### 42 U.S.C. §1983 and TITLE VII - Race Discrimination

41.    The Plaintiff re-alleges and incorporates by reference paragraphs 1-40 above with the same force and effect as if fully set out in specific detail herein below.

42.    As set out in detail above, Defendant intentionally and maliciously discriminated against Plaintiff on the basis of race in violation of Title VII by intentionally denying him interviews and job promotions to the positions of Director of Schools, Director of Federal Programs, Human Resources Officer, Chief Academic Officer, and Academic Officer, and by subjecting him to stricter scrutiny than similarly situated African-American employee.  Defendant intentionally violated Plaintiff's rights pursuant to Title VII.

43.    The Defendant's conduct is a pattern and practice which resulted in disparate treatment against Plaintiff.

44.    Plaintiff was discriminated against because of his race in job assignments, promotions, and other terms and conditions of employment.

45.    All acts of race discrimination were done wilfully and with malicious and reckless disregard for the rights of Plaintiff.

46.    In taking the above-described actions, Defendant intentionally discriminated against Plaintiff on the basis of his race in violation of Title VII. The

actions of Defendant were taken with malice or reckless indifference to the federally protected rights of Plaintiff.

47.     As a proximate consequence of Defendant's actions and the violations of Title VII as set out in detail above, Plaintiff has suffered, and will continue to suffer, lost income and benefits, severe mental anguish, humiliation, embarrassment and emotional distress, and other injuries and damages.

48.     Plaintiff is suffering and will continue to suffer irreparable injury from Defendant's conduct as set forth herein unless enjoined by this Court.

49.     Plaintiff has no adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory damages is his only means of securing adequate relief.

50.     As set out in detail above, Defendant knew, or should have known, of the race discrimination and condoned, ratified and otherwise allowed the racial discriminatory behavior to continue.

51.     Plaintiff suffered damages as a proximate result of these violations, which were caused by Defendant's policy or custom to allow and condone race discrimination in deliberate indifference to rights of Plaintiff.

52.     Plaintiff has satisfied all administrative prerequisites to bringing his Title VII claims:

A.    On or about February 5, 2016, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.

B.    On or about February 3, 2017, the U.S. Department of Justice, Civil Rights Division, issued to Plaintiff a Dismissal and Notice of Right to Sue on his EEOC charge, which was mailed by certified mail on February 7, 2017.

C.    This complaint has been filed within 90 days of receipt of the notification of Right to Sue on his EEOC charge from the U.S. Department of Justice, Civil Rights Division.

53.    Defendant's conduct violates 42 U.S.C. §§1981 and 1983 and Title VII, as amended.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assumes jurisdiction of this action and after trial:

1.    Issue a declaratory judgment that the employment policies and practices, conditions, and customs of the Defendant are violative of the rights of Plaintiff as secured under the First and Fourteenth Amendments to the United States

11

Constitution, 42 U.S.C. §§1981 and 1983, Title VII of the Civil Rights Act of 1964 and the 1991 amendments thereto Title VII, as amended.

2.      Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate the First and Fourteenth Amendments, and Title VII, as amended.

3.      Enter an Order requiring Defendant to make Plaintiff whole by awarding him the positions/promotions and pay he would have received in the absence of race discrimination, back-pay (plus interest), compensatory damages, and other damages.

4.      Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

Candis A. McGowan
Lacey Danley
Counsel for the Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS, FISHER, GOLDFARB
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

12

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY A STRUCK JURY

_____
Candis A. McGowan


## DEFENDANT'S ADDRESS:
Serve via Certified Mail

Birmingham City Board of Education
2015 Park Place North
Birmingham, Alabama 35203

13